Robert H. **HEYER**, Plaintiff,

v.

Edward J. **BRENNER**, Commissioner of Patents, Defendant.

Civ. A. No. 383–64.

United States District Court
District of Columbia.

June 21, 1965.

---

George Arkwright, Jr., Shlesinger, Shlesinger & Arkwright, Washington, D. C., Gibson Yungblut, Yungblut, Melville, Strasser & Foster, Cincinnati, Ohio, for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, District Judge.

This action came on for trial February 1, 1965. Upon consideration of the evidence, together with briefs the parties were accorded an opportunity to file, the Court has found for the defendant, and against the plaintiff, and will cause the Complaint to be dismissed.

In accordance with Rule 52(a), Federal Rules of Civil Procedure, the Court states its Findings of Fact and Conclusions of Law separately as follows:

## FINDINGS OF FACT

1. This is a civil action under 35 U.S.C. § 145, in which the plaintiff, Robert H. Heyer, seeks to have the Court authorize the issuance of a patent containing claims 1 to 6, and 8, of his application, Serial No. 27,516, filed May 10, 1960, entitled "Oriented Cold-Rolled Drawing Steel."

2. Plaintiff's application deals with the manufacture of low carbon rimmed steel sheet stock of superior drawing qualities. Plaintiff's process includes hot rolling low carbon rimmed steel, of specified but known composition, to an intermediate hot rolled gauge. The metal is then reduced to sheet gauge with a cold rolling reduction of substantially 55 to 80% (preferably 65 to 80%). Finally, the metal is box annealed at a temperature of substantially 1400° to 1600° F. The stock may then be temper rolled, if desired.

3. In their patent, No. 2,606,848, Farling et al. disclose a process comprising the steps of hot rolling low carbon rimmed steel, a composition similar to plaintiff's at temperatures between about 1600° F. and about 1000° F., cold reducing its thickness in the range from about 15% to about 80% (preferably between 30% and 75%), and box annealing the cold rolled steel at temperatures from about 1175° F. to about 1380° F. The annealed steel may be given a temper roll.

4. Campbell et al. in their patent, No. 2,377,922, disclose a process comprising the steps of hot rolling low carbon rimmed steel, a composition similar to plaintiff's at a temperature of 1600° F., coiling the strip at a temperature of not less than 1225° F.–1275° F., cold reducing the strip on the order of 50% to 85%, box annealing the strip at a temperature below the upper critical point, which is around 1625° F. (preferably between 1200° F. to 1300° F.), temper rolling the strip, and again annealing it.

5. The claims are broad, and include methods of the prior art within their language. The claims do not, by proper limitation, exclude the procedures of the reference patents to Farling et al. and Campbell et al.

6. It would have been obvious to a person ordinarily skilled in the art at the time of plaintiff's invention to have

utilized the teachings of Farling et al. and Campbell et al. in such a way as to have achieved plaintiff's results.

### CONCLUSIONS OF LAW

1. Patent claims will be given the broadest interpretation of which they reasonably are susceptible. This rule is fair, and tends not only to protect the real invention but to prevent needless litigation after the patent has issued. Claims are too broad when they cover the prior art and are not confined to an applicant's particular advance over it.

2. The differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains (35 U.S.C. § 103).

3. Plaintiff is not entitled to a patent containing any of claims 1, 2, 3, 4, 5, 6, and 8 of patent application Serial No. 27,516.

4. The Complaint should be dismissed.